**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**PATRICIA GERONES-LEON**                          **CASE NO.  3:26-CV-00669 SEC P**

**VERSUS**                                                          **JUDGE ROBERT R. SUMMERHAYS**

**WARDEN OF RICHWOOD**                          **MAGISTRATE JUDGE WHITEHURST**
**CORRECTIONAL CENTER, ET AL.**

### <u>ORDER</u>

On March 5, 2026, Patricia Gerones-Leon filed a Petition for Writ of Habeas Corpus with this Court. [ECF No. 1] On March 18, 2026, she filed an ex parte Motion for Temporary Restraining Order ("TRO"). [ECF No. 5]. For the reasons that follow, the Motion for Temporary Restraining Order is DENIED.

Preliminary injunctive relief is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on the following four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) granting the injunction will not disserve the public interest.[1] The decision to grant preliminary injunctive relief "is to be treated as the exception rather than the rule."[2]

"The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks."[3] Rather, it is to preserve the status quo and "prevent irreparable injury so as to preserve the

---

[1] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621–22 (5th Cir.1985); *see also Perez v. City of San Antonio*, 163 F.4th 110, 118 (5th Cir. 2025).

[2] *Miss. Power & Light Co.* at 621.

[3] *WarnerVision Entm't Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261–62 (2d Cir. 1996); *see also Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).

court's ability to render a meaningful decision on the merits."[4] Here, Petitioner seeks an injunction granting the same ultimate relief she seeks on the merits of his habeas petition—immediate release, or alternatively, a prompt, individualized parole redetermination.[5] Where a motion for injunctive relief mirrors the allegations in support of the habeas petition (as in this matter) and both seek the same relief, the motion for injunctive relief may be denied.[6] "Otherwise, a motion for preliminary injunction seeking immediate release would function as a form of accelerated review, circumventing the habeas process."[7] As recently set forth by another judge of this District,

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. The Court will not allow Petitioner to commit an end-run around the habeas process.[8]

For these reasons, the Motion for Temporary Restraining Order [ECF No. 5] is DENIED.

THUS DONE in Chambers on this 19th day of March, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[4] *Meis v. Sanitas Serv. Corp.*, 511 F.2d 655, 656 (5th Cir. 1975); *see also Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022).

[5] ECF No. 1 at 17; ECF No. 5 at 11.

[6] *Stines v. Superintendent*, No. 24-CV-456, 2025 WL 1448358, at *2 (N.D.N.Y. May 20, 2025) (quoting *Lawry v. Wolcott*, No. 20-CV-588, 2020 WL 4018344, *6 (W.D.N.Y. July 15, 2020); *accord Meade v. Spaulding*, No. 16-CV-2212, 2017 WL 3425181, at *2 (M.D. Pa. Aug. 9, 2017).

[7] *Stines*, *supra*.

[8] *Rodriguez v. Lyons*, No. 25-CV-1926, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025).